UNITED STATES COURT FOR THE SOUTHERN DISTRICT OF FLORIDA

PETITION UNDER 28 U.S.C. §2254 BY A PERSON IN CUSTODY PURSUANT TO A STATE COURT JUDGMENT

FILED by _____ D.C.
JAN 11 2016
STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S. D. of FLA. – MIAMI

→ **16-60061-CIV-DIMITROULEAS/WHITE**

| UNITED STATES DISTRICT COURT | | Division: SOUTHEREN |
|---|---|---|
| Name of Petitioner: LUIS GONZALEZ | Prisoner No.: L15359 | Case No. (to be assigned by Clerk): |
| NAME OF PETITIONER: (include aliases) LUIS GONZALEZ | Vs. | NAME OF RESPONDENT (authorized person having custody of petitioner) JULIE JONES, Sec. of Dept. of Corr. |
| ATTORNEY GENERAL OF THE STATE OF: (State in which challenged judgment was entered) | | FLORIDA |

**PETITION**

1. Name and location (circuit and county) of court which entered the judgment of conviction/sentence under attack: 17th Judicial Circuit Court, Broward County 201 S.E., 6th Street, Ft. Lauderdale, FL.

2. Date of judgment (conviction/sentence): February 4th 2009.

3. Length of sentence: (15) years with (10) years minimum mandatory

4. Nature of offense involved (all counts): Robbery with a firearm

5. What was your plea? (Check one)

    (a) Not guilty ☒   (b) Guilty   (c) Nolo contendere

If you entered a guilty plea to one count or indictment, and not a guilty plea top another count or indictment, give details: N/A

6. If you pleaded not guilty, what kind of trial did you have? (Check one)

    Jury ☒   Judge only

Provided to Graceville Correctional Facility
on 1-6-16 for m__
by _____
L.G

1

7. Did you testify at the trial?

    Yes ☒    No

8. Did you appeal from the judgment of conviction?

    Yes ☒    No

9. If you did appeal, answer the following:

  (a) Name of Court: Fourth District Court of Appeals

  (b) Result: per curiam affirmed

  (c) Date of opinion and mandate (include So. 2d or 3d citation, if known): July 21, 2010; Gonzalez v. State, 39 So. 3d 1272 (Fla. 4th DCA 2010)

  (d) Did you file a petition for rehearing? "{click and type here}"

    Yes ☒    No

Did you file a petition for writ of certiorari? "{click and type here}"

    Yes    No ☒

Other than the direct appeal, have you previously filed any petitions, applications, or motions with respect to this judgment in state court?

    Yes ☒    No

10. If your answer to 10 was "yes," give the following information:

  (a) (1) Name of court: 17th Judicial Circuit Court

    (2) Date filed: January 28, 2011.

    (3) Nature of proceeding (Fla. R. Crim. P. 3.850, habeas corpus, etc.): Postconviction relief motion 3.850.

    (4) Grounds raised: Ground One: Counsel failed to request an Alibi Jury Instruction; Ground Two: Counsel's failure to object to state's misstatements of law; Ground Three: Counsel's failure to object to state's comments about events that occurred after the robbery; Ground Four: Counsel failed to object to courts response denying read back of testimony; Ground Five: Counsel failed to question jurors on issues relevant to the case; Ground Six: Counsel failed to call witnesses and Ground Seven: Cumulative effect of counsel's errors.

    (5) Did you receive an evidentiary hearing on your petition, application or motion? Yes

(6) Result: denied

(7) Date of result: March 19, 2012.

(b) Did you file any other petitions or motions in state court aside from those described above?

      Yes  ☒      No

(1) Name of court: 17th Judicial Circuit Court

(2) Docket or case umber: 2008-4850-CF-10A

(3) Date of filing: February 14, 2014

(4) Nature of the proceeding: Rule 3.800(a) postconviction motion

(5) Grounds raised: The trial judge did not filed any written reasons for departing from the guidelines.

(6) Did you receive a hearing where evidence was given on your motion.

Yes  ☐      No  ☒

(7) Result: Denied: February 10, 2015.

(c) Did you file any other petitions or motions in state court aside from those described above?

      Yes  ☒      No

(1) Name of court: 17th Judicial Circuit Court

(2) Docket or case umber: 2008-4850-CF-10A

(3) Date of filing: October 8, 2014

(4) Nature of the proceeding: Rule 3.800(a) postconviction motion

(5) Grounds raised: Sentence imposed exceeded the statutory maximum as set forth by Apprendi v. New Jersey in violation of Blakely v. Washington.

(6) Did you receive a hearing where evidence was given on your motion.

Yes  ☐      No  ☒

(7) Result: Denied:  February 10, 2015

Have you previously filed a §2254 petition, or other pleading regarding the validity of your state court confinement, in any federal court?  Yes      No  ☒

3

11. In the spaces below, set forth all grounds on which you claim that you are being held in violation of the Constitution, laws or treaties of the United States. You must provide a summary of specific facts in support of each ground raised. Even if you file a separate memorandum of law, the facts must be set forth on this petition form. If necessary, you may attach pages setting forth additional grounds and supporting facts.

Caution: If you fail to set forth all grounds in this petition, you may be barred from presenting additional grounds at a later date.

**Ground One**: Trial counsel rendered ineffective assistance by failing to request alibi jury instruction and pursue defense

Supporting FACTS (state *briefly* without citing cases or law): During jury trial petitioner's trial counsel presented the testimony of two witnesses who indicated that he was with them at the time when the crime was committed supporting an alibi theory of defense instead counsel only pursued an misidentification theory of defense, had counsel pursued the alibi defense and requested the alibi defense jury instruction there is a great probability that the jurors would have rendered a different verdict.

Did you raise this claim in State court by direct appeal, 3.850 motion, or otherwise?

    Yes ☒    No

If yes, explain how it was raised; if no, explain why it was not raised: **3.850- Ground One**

**Ground Two**: Trial counsel rendered ineffective assistance by his failure to object to prosecutor's misstatement of law during voir dire and closing argument which advised the jury, as test for reasonable doubt, to decide whether the victim was believable

Supporting FACTS (state *briefly* without citing cases or law): Prosecutor numerous statements to the jurors indicating that they should base their finding of guilt or innocence upon the credibility given to the witnesses and another vouching for the witness credibility shifted the burden of proof upon the defendant, thus counsel's failure to object precluded the preservation of the issue for appellate review and prevented the count from correcting error.

Did you raise this claim in State court by direct appeal, 3.850 motion, or otherwise?

    Yes ☒    No

If yes, explain how it was raised; if no, explain why it was not raised: **3.850 – Ground Two**

4

**Ground Three**: Trial counsel was ineffective in failing to object to constant comments by the prosecutor that the defendant threatened the victim the day after the robbery when there was no evidence that any threat was ever made

Supporting FACTS (state *briefly* without citing cases or law): At trial, Veronica Copes testified that, on August 27, 2007, she left work around 1:30-2:00 a.m. While walking home, she was robber at gunpoint, and her money and CD player were taken. She identified the defendant as the person who robbed her. When the state began to inquire as to events which took place the day after the robbery, trial counsel objected on "relevancy grounds." At sidebar, the prosecutor stated: "The witness will likely be testifying to the defendant returned to the store the next day and made threats. Number one, consciousness of guilt and involvement in this case which is relevant to his identity." (Page 98, lines 4-19). The court overruled the objection, the victim then testified that the next day, while she was working; the defendant came in, and engaged her in conversation. During the conversation, the defendant told her that he knew what happened to her the night before, that she should protect herself and that she will need a gun. At no time did Ms. Copes testify that the defendant threatened her. That fact, however, did not prevent the prosecutor from weaving the theme, throughout the trial, that the defendant "threatened" the victim the day following the robbery.

It being, appropriately enough, during opening statements. The prosecutor told the jury that "following day, you will hear she went to work. And this individual we later find out to be Luis Gonzalez went into the gas station and threatened her that she better get a gun she went to the police after the threat happened..." (Page 85, lines 8-13).

After the victim testified as to the conversation with the defendant, the day after the robbery and in spite of the fact that the victim never mentioned the word threat in her testimony, the prosecutor asked the following: Q. Did you make a police report? A. Yes I did. Q. When was that? A. The day after it happened. Q. So after the treat? A. Right (Page 100, lines 9-14)

The defendant called Pablo Catala as an alibi witness. On cross examination, the prosecutor asked him: "Were you with him by any chance the next day when he went to the gas station and threatened Veronica?" (Page 142, lines 23-24)

The defendant also called Roberto Muniz to testify. Undeterred by the fact that the victim never testified to any threat mad by the defendant, the prosecutor insisted on continuing to try and elevate this none existed threat to the status of a fait accompli by posing the following question:

5

"So you also were not there when Luis went to the gas station the following day and made a threat to the victim, right?" (Page 162, lines 18-20).

And in closing, just to make sure that the point was not lost on the jury, she posited "How abrasively he went to the store the next day and threatened her." (Page 200, lines 7-9_.

It is improper for a prosecutor to create a fact when the fact does not exist. It is improper for a prosecutor to ask witnesses questions which assume facts not in evidence. It is impermissible for a prosecutor to comment in closing argument upon maters outside the record.

Did you raise this claim in State court by direct appeal, 3.850 motion, or otherwise?

    Yes ☒      No

If yes, explain how it was raised; if no, explain why it was not raised: **3.850 – Ground Three**

**Ground Four**: Trial counsel was ineffective in failing to object to the trail court's proposed response to the jury's request to see the testimony of the victim and the defendant

Supporting FACTS (state *briefly* without citing cases or law): During deliberations, the jury sent out a note stating: "would like to see 1. Testimony of Veronica Copes 2. Testimony of Luis Gonzalez. The following discussion then took place:

The Court: .... We have a jury question. We would like to see 1) Testimony of Veronica Copes. 2) Testimony Luis Gonzalez. Signed by Brioni Berlanga.

Obviously, they don't see the testimony. With that I can deny the request.
Ms. Zeiger: Agree?
Mr. Buttermore: Agree.
The Court: Rely on their own recollection of the testimony that was given.
Ms. Zeiger: Correct.
Mr. Buttermore: Correct.

After the jury returned to the courtroom the judge replied to their request as follows: "I received your request to see the testimony of Veronica Copes and Luis Gonzalez. I'm not able to grant your request. Please rely upon your collective recollections and complete your deliberations.

Did you raise this claim in State court by direct appeal, 3.850 motion, or otherwise?

    Yes ☒      No

If yes, explain how it was raised; if no, explain why it was not raised: **3.850- Ground Four**

6

**Ground Five**: Trial counsel was functionally and constructively absent during voir dire because he failed to effectively question jurors on issues relevant to the case

Trial counsel's voir dire consists of a grand total of less than six pages. These pages are dominated by a relentless pursuit of an answer to the very incisive question: What is your favorite color (of the four mentioned by trial counsel)? What counsel completely failed to do is test the impartiality of jurors on important issues. Counsel did not ask any questions designed to explore jurors' opinions, attitudes and bias as to issues such as the presumption of innocence, the burden of proof, eyewitness misidentification (the only defense raised during trial) and the ability of the jurors to accept the testimony of witnesses who are convicted felons (three of defendant's four witnesses, including the defendant, were convicted felons at the time of trial).

Claims based on ineffective assistance of counsel for failing to conduct a meaningful voir dire implicate the defendant's constitutional right to have his case tried before a fair and imperial jury.

A meaningful voir die allows counsel to intelligently and affectively use his available challenges. By completely failing to test the impartiality of jurors on important matters, counsel had no basis for determining whether, and which member of the panel, were competent to sit as unbiased jurors.

It is also clear that counsel was ineffective for failing to recognize that the defendant was entitled to ten peremptory challenges, not the six that the court allowed him. Prejudice is inherent in the denial of the defendant's constitutional right to be assured of fair trial before an impartial jury.

Did you raise this claim in State court by direct appeal, 3.850 motion, or otherwise?

    Yes ☒    No

If yes, explain how it was raised; if no, explain why it was not raised: **3.850- Ground Five**

**Ground Six**: counsel was ineffective in failing to call a witness to testify on behalf of the defendant

Prior to trial, the defendant gave his attorney the names of witnesses that he wanted called to testify on his behalf. One of those witnesses was Jillian Slone. Ms. Slone was available and ready to testify. Her testimony would have established that the defendant was at his home and in her presence at the time of the robbery her testimony would have corroborated the defendant's

7

testimony and would have provided an additional alibi witness. Despite defendant's desire that the witness be called, his attorney did not subpoena her, and she did not testify.

Did you raise this claim in State court by direct appeal, 3.850 motion, or otherwise?

Yes ☒         No

If yes, explain how it was raised; if no, explain why it was not raised: **3.850- Ground Six**

**Ground Seven**: Cumulative effect

The above claims, individually and cumulatively, deprived the defendant of his right to a fair trial. Core functions of a defense lawyer in a criminal case include selecting juries, introducing and objecting to evidence, cross-examining witnesses, making motions, preserving legal issues for appeal, and giving opening and closing statements.

Counsel performance in this case, as documented above, constitutes a serious and substantial deviation from the accepted standards of representation.

The defendant was derived of basic protections without which his trial cannot reliably serve its function as a vehicle for determination of guilt or innocence, and the sentence imposed may not be regarded as fundamentally fair.

Did you raise this claim in State court by direct appeal, 3.850 motion, or otherwise?

Yes ☒         No

If yes, explain how it was raised; if no, explain why it was not raised: **3.850- Ground Seven**

**Ground Eight**: Trial counsel rendered ineffective assistance by failing to review certain evidence

Supporting FACTS (state *briefly* without citing cases or law):  Had trial counsel reviewed the copy of the surveillance video submitted into evidence by Detective M. Groenereld he would have been able to strike the erroneous identification of the petitioner; to impeach and attack the credibility of the alleged victim and finally to dismiss the probable cause of affidavit because the surveillance video shows that it was predicated on perjured testimony.

Did you raise this claim in State court by direct appeal, 3.850 motion, or otherwise?

Yes              No ☒

8

If yes, explain how it was raised; if no, explain why it was not raised: Petitioner family hired the services of a private attorney to prepare and file the state rule 3.850 motion for postconviction relief and privately retained counsel failed to raise the claim in the petitioner state postconviction motion.

**Ground Nine**: Overall (15) years in prison sentence violates the sentencing principles enunciated in Apprendi and Blakely

Supporting FACTS (state *briefly* without citing cases or law): Trial court imposition of (15) years = (180) months in prison sentence exceeded the petitioners "recommended Range" sentence of (8) years = (94.8) months by (5) years = (60) months in violation of the sentencing principles enunciated in Apprendi and Blakely and trial counsel failure to appraise the court of this fact constituted ineffective assistance of counsel.

Did you raise this claim in State court by direct appeal, 3.850 motion, or otherwise?

    Yes ☒    No

If yes, explain how it was raised; if no, explain why it was not raised: **motion to correct illegal sentence 3.800(a)**

1. TIMELINESS OF PETITION:

    Section 2244(d)(2) clearly states that "the time ding which a properly filed application for state postconviction or other collateral review with respect to the pertinent judgment of claim is pending shall not be counted toward any period of limitation under the subsection

1. Direct appeal P.C.A. on July 21, 2010.

2. Rule 3.850 motion filed on January 28, 2011.

3. Rule 3.850 motion denied on March 19, 2012.

4. Rule 3.850 motion appeal denied on May 23, 2013.

5. First Rule 3.800 motion filed on February 14, 2014.

6. Second Rule 3.800 motion appeal denied on February 10, 2015.

7. 2nd Rule 3.800 motion filed on October 8, 2014, denied on February 10, 2015.

8. Mandate issued on December 29, 2015.

**Wherefore,** petitioner prays that the Court grant all relief to which he or she may be entitled in this proceeding.

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct.

Executed on _____ .        /s/_____
                                              Signature of Petitioner

### IF MAILED BY PRISONER:

I declare or state under penalty of perjury that this petition was (check one):

☒ delivered to prison officials for mailing, or ☐ deposited in the prison's internal mail system on:

_____ (date).

                                              /s/_____
                                              Signature of Petitioner

Luis Gonzalez #L153359
Graceville Correctional Facility
5168 Ezell Road
Graceville, FL, 32440

Legal Mail

Ft. Lauderdale Division
U.S. Courthouse
299 E. Broward Blvd., Rm. 10.
Ft. Lauderdale, FLA, 33301

MAILED
FROM A
CORRECTIONAL
INSTITUTION

Hasler
01/06/2016
US POSTAGE

